

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney, Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-3474
Re: Right and duty of county
superintendent to recognize
assignment of salary by com-
mon school district teacher
under provisions of Article
2883a, Revised Civil Statutes.

We acknowledge receipt of your letter dated April 25,
1941, with attached "verbatim copy" of an "assignment and
transfer of wages" executed by Theresa Beulah Thompson on
April 9, 1941, which has been filed with the County Superin-
tendent of Fayette County. You state in your letter that
the assignor is a teacher in one of the common school dis-
tricts of Fayette County, and request our opinion in response
to the following questions:

"1. Is the County Superintendent compelled
to recognize the assignment and make payment to
the assignee to the extent of $26.85?

"2. If the above question is answered in
the affirmative, how should such payments be made?
Would it be advisable to write one voucher in the
amount of the teacher's salary earned payable to
the assignee and assignor or one to the assignee
for his assignment and one to the assignor for the
balance?

"3. If the first question is answered in the
affirmative, may the County Superintendent require
that the original assignment be deposited with him
before he can be held liable for failure to make
payment in accordance with the request of the as-
signee?"

Honorable John C. Marburger, page 2

Article 2883a, Vernon's Annotated Statutes, enacted by the 46th Legislature, reads, in part, as follows:

"Art. 2883a.  Assignment, transfer or pledge of compensation of teachers or school employees

"Section 1.  Definition-Teacher and School Employee.  The terms 'teacher,' and 'School employee,' within the provisions of this Act shall be held and deemed to embrace and include any person employed by any Public School System, Independent School District, or Common School District, in this State in an executive, administrative or clerical capacity, or as a superintendent, principal, teacher, or instructor, and any person employed by a university, or college, or other educational institution in an executive, administrative, or clerical capacity, or as a professor, or instructor, or in any similar capacity.

"Sec. 2.  An assignment, transfer, pledge, or similar instrument executed by any teacher or school employee, wherein any salary or wages, or any interest therein or part thereof, then due or which may become due to such teacher or school employee under an existing contract of employment, shall be valid and enforceable, provided that such assignment, transfer, or pledge be in writing and acknowledged in the same manner as required for the acknowledgment of a deed or other instrument for registration, and provided further that if such instrument be executed by a married person it shall also be executed and acknowledged by his or her spouse in such manner.  Such an assignment, transfer, or pledge shall be valid only to the extent that the indebtedness secured thereby is a valid obligation.  Any school district, college, university or other educational institution, County Superintendent, or any disbursing agent, therefor shall be authorized to honor such assignment without being subject to any liability therefor to the teacher or school employee so executing such assignment; and any sum paid to any assignee in accordance with the terms of any such assignment shall be deemed to be a payment to or for the account of such teacher or school employee; but such assignment shall be valid and enforceable only to the extent of any salary

Honorable John C. Marburger, page 3

which may be due or may become due and earned
by such teacher and school employee during the
continuance of his or her employment by such
school district, college, university, or educational institution."

In our Opinion No. O-2141, dated April 8, 1940, we
held that the above quoted statute clearly authorizes a teacher
to assign his or her salary in the manner therein stipulated. We
also held in the same opinion that it is the right and duty of the
employing district to honor such assignments when the same are
regularly executed and duly presented by the assignee for payment.

We have also held in our Opinion No. O-2643, dated August
27, 1940, that an assignment authorized by Article 2883a which is
not notarized as required by statute "is entirely invalid."

According to the copy of the assignment and transfer
forwarded to us in your letter, the assignment in this instance
was not "acknowledged in the same manner as required for the acknowledgement of a deed or other instrument or registration" as
required by Article 2883a. If this is true with reference to
the original assignment it is our considered opinion that the
assignment in question is invalid. Opinion No. O-2643.

For your information and convenience we are enclosing
herewith a true and correct copy of our Opinion No. O-2141 and
Opinion No. O-2643.

In response to your question number one, it is our
opinion that assignments of this nature, when executed and acknowledged in accordance with the statutory provisions, are
valid and should be recognized by the county superintendent.

In reply to your second question, it is our opinion
that it would be advisable to make payment to the assignee and
assignor by separate vouchers. This, however, is a matter that
should be worked out by the county superintendent.

Honorable John C. Marburger, page 4

In response to your third question, it is our opinion that the county superintendent has the legal right to require that the original assignment be deposited with him before payment is made to the assignee. The duly and legally executed assignment is the only authority that the county superintendent has to make payment to anyone other than the assignor, and we think good business practice requires that he insist on the filing with him of the original assignment before payment is made according to its terms and provisions.

Trusting that we have sufficiently answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 20 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Tom D. Rowell, Jr.
Assistant

TDR:EP




APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN